Filed 10/1/14  P. v. Espinoza CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>OSCAR BRIAN ESPINOZA,<br><br>          Defendant and Appellant. | B249246<br><br>(Los Angeles County<br>Super. Ct. Nos. KA100239 &<br>KA100537) |

THE COURT:*

Defendant and appellant Oscar Brian Espinoza (defendant) appeals from a judgment of conviction entered in consolidated cases.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After defendant was notified of his counsel's brief he filed his own supplemental brief, contending that the trial court abused its discretion in consolidating the two cases.  We have reviewed the entire record, and finding no abuse of discretion or other arguable issues, we affirm the judgment.

_____

\*        BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was charged in superior court case No. KA100239 with inflicting corporal injury on Kristina Luna (Luna), the mother of his child, on December 2, 2012, in violation of Penal Code section 273.5, subdivision (a);[1] and with child abuse of Adrian Doe on the same day, in violation of section 273a, subdivision (a). Defendant was later charged in case No. KA100537 with inflicting corporal injury on cohabitant Jennifer Gonzalez (Gonzalez) on August 9, 2012, in violation of section 273.5, subdivision (a). The trial court granted the prosecution's motion to consolidate the two cases, and an amended information was filed, charging the offenses in case No. KA100239 as counts 1 and 2, and the offense alleged in case No. KA100537 as count 3. Newly added count 4 charged defendant with assaulting Gonzalez on August 9, 2012, by means likely to inflict great bodily injury, in violation of section 245, subdivision (a)(4).

The amended information alleged as to all counts that defendant had suffered a prior serious or violent felony conviction (§§ 667, subds. (b)-(i) and 1170.12, subds. (a)-(d)), and that he had served a prison term on the prior conviction within the meaning of section 667.5, subdivision (b).

During jury trial, evidence regarding the incident of August 9, 2012, established that defendant and Gonzalez were living together in an intimate relationship and that during an argument that day defendant grabbed Gonzalez by the back of her neck, kneed her, punched her in the face and head, and kicked her in the breast, causing multiple injuries.[2]

The testimony of Luna, Adrian, and responding San Bernardino Sheriff's Deputy Jose Castro, showed that defendant argued with Luna, the mother of his eight-year-old son Adrian, while Luna was in the driver's seat of her car and Adrian was in his car seat with his door open. As Luna tried to back her car out of the driveway, defendant hit her

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     Most of this evidence came from the testimony of Baldwin Park Police Officer Warren Agregado, who interviewed Gonzalez soon after the incident and identified her injuries. Gonzalez was a reluctant witness who claimed she bruised easily, and remembered little more than being grabbed by defendant during their argument.

2

in the head with his fist through the open window, injuring her and causing her to crash into a block wall. The collision caused the door next to Adrian to be pinned open against the wall, and although he was not physically injured, Adrian was frightened and thereafter had nightmares.

Defendant testified that he became very angry and agitated when he saw neighbors watching Luna, so he walked toward her car and told her to leave. Defendant denied striking Luna, and claimed that she crashed after she panicked when he walked toward the car. Defendant admitted a prior conviction of assault with a deadly weapon.

The jury convicted defendant in count 1 of the lesser charge of misdemeanor battery in violation of section 243, subdivision (e)(1), and convicted him as charged of counts 2, 3, and 4. Defendant waived his right to a trial on the prior conviction, which he admitted. The court found the prison term allegation true, and denied defendant's *Romero* motion to dismiss the prior strike conviction.[3] On June 4, 2013, the trial court sentenced defendant to a total term of 14 years in prison. The court selected count 2 (child abuse) as the base term, imposed the high term of six years, and doubled it to 12 years under the Three Strikes law. The court imposed a consecutive two-year term as to count 3, comprised of one-third the middle term, doubled as a second strike; six years as to count 4, which was stayed; and a concurrent term of one year in the county jail for count 1. The court struck the one-year prison prior enhancement, imposed mandatory fines and fees, and awarded 370 days of presentence custody credit. Defendant filed a timely notice of appeal from the judgment.

In his supplemental brief, defendant contends that the trial court abused its discretion in granting the prosecution's motion to consolidate the two cases. The trial court found the offenses were not remote and to be of the same class, as both involved domestic abuse. The court also found that the evidence would be cross-admissible under Evidence Code section 1109. Finally, the court found that the probative value of the evidence and judicial economy substantially outweighed any potential prejudicial effect

---

[3]   See *People v. Superior Court (Romero)* 13 Cal.4th 497, 519.

3

of consolidation.  The requirements for consolidation were satisfied here, and the cross-admissibility of the evidence dispels any inference of prejudice.  (See §§ 954, 954.1; *People v. Marquez* (1992) 1 Cal.4th 553, 572-573.)  We find no abuse of discretion.

We have examined the entire record and defendant's supplemental brief.  We are satisfied that defendant's appellate attorney has fully complied with her responsibilities and that no arguable issue exists.  We conclude that by virtue of counsel's compliance with the *Wende* procedure, our review of the record and defendant's arguments, defendant has received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.